FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2018 JUL 24 PM 2: 03

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **'18 - CV - 01872**
(To be supplied by the court)

**Hakizimana Andre**, Plaintiff

v.

**JBS USA, LLC.**,

_____,

_____,

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

**EMPLOYMENT DISCRIMINATION COMPLAINT**

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**A.   PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Hakizimana Andre 2475 Ash Ave Apt 86, Greeley CO 80631
(Name and complete mailing address)

(720) 641 2735 andrehakizimana104@gmail.com
(Telephone number and e-mail address)

**B.   DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   JBS USA, LLC. 1770 Promontory Circle, Greeley, CO 80634
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

Defendant 2:   _____
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

**C.   JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check all that apply)*

**X**   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (employment discrimination on the basis of race, color, religion, sex, or national origin)

**X**   Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (employment discrimination on the basis of a disability)

____   Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq. (employment discrimination on the basis of age)

**X**   Other: *(please specify)* (D. Statement of Claims Attached)

D.  **STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action and the specific facts that support each claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: __Discrimination__

The conduct complained of in this claim involves the following: (*check all that apply*)

- ___ failure to hire
- **X** different terms and conditions of employment
- ___ failure to promote
- **X** failure to accommodate disability
- **X** termination of employment
- **X** retaliation
- **X** other: (*please specify*) harassment and wages earned unpaid

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

- **X** race
- ___ religion
- **X** national origin
- ___ age
- **X** color
- ___ sex
- **X** disability

Supporting facts:

3

CLAIM TWO: __Harassment_____

The conduct complained of in this claim involves the following: (*check all that apply*)

    ___ failure to hire          ___ different terms and conditions of employment

    ___ failure to promote      ___ failure to accommodate disability

    ___ termination of employment      ___ retaliation

    ___ other: (*please specify*) _____

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

    **X** race      ___ religion      **X** national origin      ___ age

    **X** color      ___ sex      **X** disability

Supporting facts:
(D. Statement of Claims)

**Click Here for Additional Claim**

4

E.   **ADMINISTRATIVE PROCEDURES**

Did you file a charge of discrimination against defendant(s) with the Equal Employment Opportunity Commission or any other federal or state agency? (*check one*)

☑ Yes (***You must attach a copy of the administrative charge to this complaint***)

☐ No

Have you received a notice of right to sue? (*check one*)

☑ Yes (***You must attach a copy of the notice of right to sue to this complaint***)

☐ No

F.   **REQUEST FOR RELIEF**
*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "F. REQUEST FOR RELIEF."*

G.   **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

Tuesday, July 24, 2018
_____
(Date)

(Revised December 2017)

5

(D. Statement of Claims)

CLAIM TWO: Harassment. Plaintiff, Hakizimana Andre, began working at JBS on May 29, 2012, and began training in the position of gutter. There were very few Africans on this position. While receiving the training on this position the same co-worker started to using the slur words. The plaintiff reported these incidents two times to the Human Resources manager. On August 17, 2012, plaintiff became qualified for the gutter position. Just thirty (30) minutes later, while plaintiff was working, he was stabbed by a knife in the back of his leg by a Hispanic co-worker. The co-worker claimed it was an accident. But, given the previous incidents and distance between plaintiff and co-worker, considering the area stabbed, Plaintiff believes that the action was intentional. (exhibit A: The picture of the injury.)

The cut on plaintiff's thigh was very serious. It ran the width of plaintiff's leg and was bleeding profusely. However, before defendant's health services sent the plaintiff to the hospital, defendant required the plaintiff to fill out an incident report and undergo a drug test. Plaintiff requested that someone call his wife, but no one did, despite the fact plaintiff had previously provided his wife's contact information in case of an emergency contact. As a result, plaintiff's wife and kids did not know that plaintiff was in the hospital that day or that plaintiff had to undergo surgery. In fact, the plaintiff's family did not know where the plaintiff was until the next day, when the plaintiff was able to call his family himself(the plaintiff had been given anti-pain medication and was disoriented until Saturday).

CLAIM TWO: Retaliation. The employee who stabbed plaintiff claimed that it was an accident, and JBS never investigated the extremely suspicious circumstances of the plaintiff injury. The defendant did not interviewed any witnesses, and as far as plaintiff knows, defendant did not drug test the employee, even though defendant drug tested the plaintiff. Jason Miller, a Human Resources manager, told the plaintiff that there was no video of the incident, even though the plaintiff believes the area is recorded by security

(D. Statement of Claims)

cameras. Because plaintiff was unhappy with JBS 'investigation, in September 2012, he reported the incident to the Greeley police. Afterward, the plaintiff was approached by Trudy Sawyer, the manager in Health Services, who said, "why did you had to call the police? It was an accident." The employee responsible for this injury continues to work at the plant.

CLAIM THREE: Accommodation denied. The cut on plaintiff's leg was so severe that he required surgery the Friday he was admitted. The following Monday, August 20, 2012 Mr. Plaintiff went to the defendant's plant to give them paperwork with his restrictions, including a document that said he needs to take at least nine(9) days off of work. However Trudy Sawyer, the Health Services Manager, told plaintiff that he needed to return to work that day, or plaintiff will be fired. Not being able to afford to lose his job, the plaintiff stayed for his shift. On August 22, 2012, plaintiff went to his doctor and told her that JBS would not allow him to stay home from work. His doctor wrote another note, which said that plaintiff needed to stay home for five (5) days, hoping that defendant would comprise. However, both. accommodations were denied(Exhibits B: two note from doctor), and plaintiff was required to work that entire week. ( Exhibit C, pay stub for August 20 – 26, 2012,). In addition, as defendant refused to accommodate the plaintiff, defendant forced the plaintiff to drive to work until plaintiff was taking anti-pain medicines ,even these anti-pain  such as ; Naproxen 500 MG, Oxycod/ Acetom 5-325 tab Mall, SMZ/TMP DS 800-160 Tab Amne, and Cyclobenzapr 10 MG Tab Auro are restricted to drive, but plaintiff was forced to take these anti- pain before and after arrive at work.

After plaintiff's surgery, plaintiff was not able to work in his normal position, and defendant assigned the plaintiff to the position of "Health Services observation." Essentially, the plaintiff was required to appear at Health Services at the beginning of his shift at 3: 00 p.m. to 11:30 p.m. and be observed by Health Services staff. Plaintiff was also required to stretch and do physical therapy for his injury, per instructions from his doctor. ( Exhibit D,

(D. Statement of Claims)

Workers 'Compensation from requiring increased physical therapy and more aggressive muscle activation.) Plaintiff had been in this position for months, and always did as he was instructed.

CLAIM FOUR: Wrong termination. On Friday, November 23, 2012 plaintiff took one of his breaks and was stretching his leg outside the Health Services building when he was approached by Miller, who followed plaintiff to Health Services. Miller told plaintiff that he was not permitted to be outside Health Services without permission. Plaintiff told Miller that he was taking his fifteen (15) minutes break and stretching his leg per his doctor instructions(Exhibit Restrictions.) Miller issue plaintiff a " Final Written Warning." Plaintiff was very confused and asked Miller if his restrictions had been changed without his knowledge, but Miller would not respond.  Plaintiff had never received any written warning, but on the written personnel action, Miller crossed off "written" and wrote in "final" warning. (Exhibit F, personnel action Record, 11/23/2012) Miller then told plaintiff to hand over his badge. The plaintiff gave him the badge, and went to try to speak with someone from the Union. The Union tried to have fill out forms, but did not offered any assistance. Because employees are not allowed at the plant without identification, plaintiff left the plant.

The morning of the following Monday, November 26, 2012, plaintiff saw his doctor and conformed that his restrictions had not changed, and that plaintiff was still required to do daily stretching and physical therapy during his shift at defendant. Someone at defendant told the plaintiff  that  plaintiff should speak with someone in Human Resources (Exhibit G, doctor's notes, November26, 2012.)  Plaintiff arrived to the defendant's plant at approximately 2:30 p.m., before his shift would began and went to the Human Resources office.

Plaintiff attempted  to speak with Miller, but Miller refused to see plaintiff. When the plaintiff spoke with the Union, plaintiff learned that JBS had created a personnel document that claimed the plaintiff had voluntarily walked

(D. Statement of Claims)

off the job and was thus terminated. Plaintiff did not understand, as he had been forced to leave. In addition, plaintiff had only missed an hour and a half of his shift, and usually employees must have three (3) days "no call, no shows" before they will be considered to have abandoned their job. But , the plaintiff had received a document saying that plaintiff was terminated because plaintiff missed three days "no called, no shows."( Exhibit H, three days no called no shows.)

CLAIM FIVE: Wage earned and unpaid. Plaintiff was required to starting work at 3:00 p.m. and finished at 11:30 p.m. every work day. So plaintiff was working forty (40) hours a weeks , but got paid less than hours worked. Thus can confirm by the work schedule approved by defendant and plaintiff's doctor( Exhibit I, the work schedule.)

CLAIM SIX: The Injury caused by defendant affects the plaintiff to the rest of his live through the pain and medications. Plaintiff's employment was terminated because restrictions limited him to perform any job for defendant. Plaintiff lives with physical limitations which have risks on his past, present, and future living and employment.

As result of this action caused by defendant, plaintiff requests through this court to be paid an unspecified amount of money for: employment delayed and damaged, physical damages, pain, wage unpaid, and punitive.

Original Copies for information to: Alfred A. Arraj Courthouse

901 19th Street,

Denver, Co 80294;

Page 5

Copies for information to: JBS USA, LLC, Defendant

1770 Promontory Circle,

Greeley, CO 80631

Copy for information to: U.S. Equal Employment Opportunity Commission Denver Field Office

303 E. 17th Ave, Ste 410

Denver, CO 80203

Tuesday, July 24, 2018

*[signature]*

Hakizimana Andre, Plaintiff.

Attached to complaint:
- Civil cover sheet
- Charge of Discrimination
- Dismissal and Notice of Rights