IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-01872-MEH

HAKIZIMANA ANDRE,

      Plaintiff,

v.

JBS USA, LLC,

      Defendant.

## ANSWER TO EMPLOYMENT DISCRIMINATION COMPLAINT

Defendant JBS USA, LLC n/k/a JBS USA Food Company ("JBS"), answers Plaintiff's Employment Discrimination Complaint ("Complaint") as follows:

**A.  PLAINTIFF INFORMATION**

1. Upon information and belief, JBS admits Mr. Hakizimana's information set forth in Section A, located on page 2 of the Complaint.

**B.  DEFENDANT INFORMATION**

2. JBS admits the allegations set forth in Section B, located on page 2 of the Complaint.

**C.  JURISDICTION**

3. JBS admits this Court has jurisdiction over this action. JBS denies that it has violated Title VII, the ADA, or any other statute or law, and denies the remaining allegations contained in Section C, located on page 2 of the Complaint.

**D.     STATEMENT OF CLAIMS (INCLUDING SEPARATE ATTACHMENT)**

4.     JBS admits and denies the allegations contained in Sections A through C as set forth above.

### CLAIM ONE
### Discrimination

5.     JBS denies the allegations set forth in the first paragraph of Claim One, located on page 3 of the Complaint.

6.     JBS denies the allegations set forth in the second paragraph of Claim One, located on page 3 of the Complaint.

### CLAIM TWO
### Harassment

7.     JBS denies the allegations set forth in the first paragraph of Claim Two, located on page 3 of the Complaint.

8.     JBS denies the allegations set forth in the second paragraph of Claim Two, located on page 3 of the Complaint.

9.     JBS admits the allegation that Mr. Hakizimana was hired to work at JBS as a gutter on May 29, 2012, as set forth in the first paragraph of Claim Two of the separately attached Statement of Claims, located on page 6 of the Complaint.

10.    JBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first paragraph of Claim Two, located on page 6 of the Complaint concerning the ethnicity or national origin of employees, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

11.    JBS denies the allegation that Mr. Hakizimana's co-workers used slur words, as set forth in the first paragraph of Claim Two, located on page 6 of the Complaint.

12. JBS denies the allegation that Mr. Hakizimana reported the two incidents to Human Resources, as set forth in the first paragraph of Claim Two, located on page 6 of the Complaint.

13. JBS denies the allegation that on August 17, 2012, Mr. Hakizimana became qualified for the gutter position, as set forth in the first paragraph of Claim Two, located on page 6 of the Complaint.

14. JBS denies the allegation that Mr. Hakizimana was intentionally stabbed by a co-worker, as set forth in the first paragraph of Claim Two, located on page 6 of the Complaint.

15. JBS admits the allegation that Mr. Hakizimana's co-worker stated that the incident was an accident, as set forth in the first paragraph of Claim Two, located on page 6 of the Complaint. JBS denies the remaining allegations contained in this sentence.

16. JBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first paragraph of Claim Two, located on page 6 of the Complaint concerning Mr. Hakizimana's belief, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

17. JBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second paragraph of Claim Two, located on page 6 of the Complaint concerning whether Mr. Hakizimana's injury was "serious," and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

18. JBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second paragraph of Claim Two, located on page 6 of the Complaint concerning Mr. Hakizimana's injury, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

19. JBS admits the allegations that Mr. Hakizimana filled out an incident report and underwent a drug test, as set forth in the second paragraph of Claim Two, located on page 6 of the Complaint.  JBS denies the remaining allegations contained in this sentence.

20. JBS denies the allegation concerning Mr. Hakizimana requesting that someone call his wife, as set forth in the second paragraph of Claim Two, located on page 6 of the Complaint.

21. JBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second paragraph of Claim Two, located on page 6 of the Complaint concerning what Mr. Hakizimana's wife and kids did or did not know, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

22. JBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second paragraph of Claim Two, located on page 6 of the Complaint concerning when Mr. Hakizimana contacted his family, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

## CLAIM TWO (SIC)
**Retaliation**

23. JBS denies the allegations that Mr. Hakizimana was intentionally stabbed and JBS never investigated the incident, as set forth in the first paragraph of Claim Two (sic), located on page 6 of the Complaint.

24. JBS denies the allegation that it did not interview witnesses, as set forth in the first paragraph of Claim Two (sic), located on page 6 of the Complaint.

25. JBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first paragraph of Claim Two (sic), located on page 6 and 7 of the

Complaint concerning Mr. Hakizimana's belief of whether there were cameras in the area, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

26. JBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first paragraph of Claim Two (sic), located on page 7 of the Complaint concerning whether Mr. Hakizimana reported the incident to the Greeley Police, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

27. JBS denies the allegation that Mr. Hakizimana was approached by Trudy Sawyer regarding his alleged report, as set forth in the first paragraph of Claim Two (sic), located on page 7 of the Complaint.

28. JBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first paragraph of Claim Two (sic), located on page 7 of the Complaint concerning whether the employee who accidently cut Mr. Hakizimana still works for JBS, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

## CLAIM THREE
**Accommodation Denied**

29. JBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first paragraph of Claim Three, located on page 7 of the Complaint concerning whether Mr. Hakizimana's leg was cut so severely that it required surgery, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

30. JBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first paragraph of Claim Three, located on page 7 of the Complaint concerning whether Mr. Hakizimana went to JBS's plant to give JBS his paperwork, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

31. JBS denies the allegation that JBS threatened Mr. Hakizimana with termination, as set forth in the first paragraph of Claim Three, located on page 7 of the Complaint.

32. JBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first paragraph of Claim Three, located on page 7 of the Complaint concerning whether Mr. Hakizimana could afford not to work, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

33. JBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first paragraph of Claim Three, located on page 7 of the Complaint concerning whether Mr. Hakizimana visited his doctor on August 22, 2012, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

34. JBS denies the allegation that Mr. Hakizimana's doctor wrote another note in order to "compromise," set forth in the first paragraph of Claim Three, located on page 7 of the Complaint.

35. JBS denies the allegation that Mr. Hakizimana's requested accommodations were denied, as set forth in the first paragraph of Claim Three, located on page 7 of the Complaint.

36. JBS denies the allegations that it refused to accommodate Mr. Hakizimana's requested accommodation and forced him to drive to work while under the influence of pain medication, as set forth in the first paragraph of Claim Three, located on page 7 of the Complaint.

37. JBS admits the allegation that it assigned Mr. Hakizimana to the position of health services observation, as set forth in the second paragraph of Claim Three, located on page 7 of the Complaint. JBS denies the remaining allegations contained in this sentence.

38. JBS admits that Mr. Hakizimana was assigned to work 36 hours a week in the health services observation position, as set forth in the second paragraph of Claim Three, located on page 7 of the Complaint. JBS denies the remaining allegations contained in this sentence.

39. JBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second paragraph of Claim Three, located on page 7 of the Complaint concerning the instructions given to Mr. Hakizimana from his doctor, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

40. JBS denies the allegations that Mr. Hakizimana was in this position for months and always did as instructed, as set forth in the first paragraph of Claim Three, located on page 8 of the Complaint.

## CLAIM FOUR
**Wrong [sic] Termination**

41. JBS denies the allegation that Mr. Hakizimana took a break outside of the Health Services building, as set forth in the first paragraph of Claim Four, located on page 8 of the Complaint.

42. JBS admits the allegations that it informed Mr. Hakizimana that he violated JBS's policies, as set forth in the first paragraph of Claim Four, located on page 8 of the Complaint. JBS denies the remaining allegations contained in this sentence.

43. JBS admits the allegation that Mr. Hakizimana admitted to leaving his work area, as set forth in the first paragraph of Claim Four, located on page 8 of the Complaint. JBS denies the remaining allegations contained in this sentence.

44. JBS admits the allegation that it issued a final warning to Mr. Hakizimana for leaving his work area and premises without authorization, as set forth in the first paragraph of Claim Four,

located on page 8 of the Complaint. JBS denies the remaining allegations contained in this sentence.

45.     JBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first paragraph of Claim Four, located on page 8 of the Complaint concerning Mr. Hakizimana's state of mind, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

46.     JBS admits the allegation that the Personnel Action Record reflects that the word "written" was crossed off and the word "final" is handwritten above it, as set forth in the first paragraph of Claim Four, located on page 8 of the Complaint. JBS denies the remaining allegations contained in this sentence.

47.     JBS denies the allegation that Mr. Hakizimana was told to hand over his badge, as set forth in the first paragraph of Claim Four, located on page 8 of the Complaint.

48.     JBS lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in the first paragraph of Claim Four, located on page 8 of the Complaint concerning Mr. Hakizimana's discussions with union personnel, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

49.     JBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first paragraph of Claim Four, located on page 8 of the Complaint concerning the Union's involvement in Mr. Hakizimana's written warning, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

50.     JBS admits the allegations that Mr. Hakizimana left his work area and JBS's premises without authorization and before his scheduled work day was completed, as set forth in the first

paragraph of Claim Four, located on page 8 of the Complaint. JBS denies the remaining allegations contained in this sentence.

51. JBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second paragraph of Claim Four, located on page 8 of the Complaint concerning whether Mr. Hakizimana visited his doctor on November 26, 2012, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

52. JBS denies the allegation that Mr. Hakizimana was told that he should speak with JBS's Human Resource Department, as set forth in the second paragraph of Claim Four, located on page 8 of the Complaint.

53. JBS lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in the second paragraph of Claim Four, located on page 8 of the Complaint concerning what time Mr. Hakizimana arrived at JBS's premises, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

54. JBS denies the allegations that it refused to speak to Mr. Hakizimana, as set forth in the third paragraph of Claim Four, located on page 8 of the Complaint.

55. JBS admits the allegation that it documented Mr. Hakizimana's policy violations in a Personnel Action Record, as set forth in the third paragraph of Claim Four, located on page 8-9 of the Complaint. JBS denies the remaining allegations contained in this sentence.

56. JBS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the third paragraph of Claim Four, located on page 9 of the Complaint concerning what Mr. Hakizimana understood, and therefore denies the same. JBS denies the remaining allegations contained in this sentence.

57.     JBS admits the allegation that Mr. Hakizimana missed portions of his scheduled work shift, as set forth in the third paragraph of Claim Four, located on page 9 of the Complaint. JBS denies the remaining allegations contained in this sentence.

58.     JBS admits that Mr. Hakizimana was terminated for violating company policy by taking unscheduled breaks, leaving his work area without authorization, and for failing to return to work, as set forth in the third paragraph of Claim Four, located on page 9 of the Complaint. JBS denies the remaining allegations contained in this sentence.

## CLAIM FIVE
## Wage Earned and Unpaid

59.     JBS admits the allegation that Mr. Hakizimana was scheduled to work 36 hours a week, as set forth in the first paragraph of Claim Five, located on page 9 of the Complaint. JBS denies the remaining allegations contained in this sentence.

60.     JBS denies the allegation that Mr. Hakizimana was not paid for every hour worked, as set forth in the first paragraph of Claim Five, located on page 9 of the Complaint.

## CLAIM SIX
## The Injury Caused by Defendant Affects the Plaintiff to the
## Rest of His Live [sic] Through the Pain and Medications

61.     JBS denies the allegation that Mr. Hakizimana's injury affects him for the rest of his life, as set forth in the first paragraph of Claim Six, located on page 9 of the Complaint.

62.     JBS denies the allegation that Mr. Hakizimana was terminated because of any alleged disability or restrictions, as set forth in the first paragraph of Claim Six, located on page 9 of the Complaint.

63. JBS denies the allegation that Mr. Hakizimana lives with physical limitations that affect his past and future employment, as set forth in the first paragraph of Claim Six, located on page 9 of the Complaint.

**E.    ADMINISTRATIVE PROCEDURES**

64. JBS admits that Mr. Hakizimana filed a Charge of Discrimination with the EEOC, as set forth in the first paragraph of Section E, located on page 5 of the Complaint.

65. JBS admits that Mr. Hakizimana received a notice of right to sue, as set forth in the second paragraph of Section E, located on page 5 of the Complaint.

**F.    REQUEST FOR RELIEF**

66. JBS admits and denies the allegations contained in Sections A through E as set forth above.

67. JBS admits that Mr. Hakizimana seeks the relief set forth in the final paragraph of the separately attached portion to the Complaint, Statement of Claims. JBS denies that Mr. Hakizimana is entitled to any relief whatsoever in this action.

68. JBS denies each and every allegation in the Complaint that has not been expressly admitted herein.

**SEPARATE DEFENSES**

**FIRST SEPARATE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND SEPARATE DEFENSE**

Mr. Hakizimana's claims are barred in whole or in part by applicable statutes of limitations.

**THIRD SEPARATE DEFENSE**

Mr. Hakizimana was not a qualified individual with a disability within the meaning of the ADA.

**FOURTH SEPARATE DEFENSE**

Mr. Hakizimana was unable to perform the essential functions of his position with or without reasonable accommodation.

**FIFTH SEPARATE DEFENSE**

Mr. Hakizimana's damages, if any, are barred or limited by JBS's good faith efforts to reasonably accommodate Mr. Hakizimana in accordance with 42 U.S.C. § 1981a(a)(3).

**SIXTH SEPARATE DEFENSE**

Mr. Hakizimana's claims are barred in whole or in part by the doctrine of after-acquired evidence.

**SEVENTH SEPARATE DEFENSE**

Prior to his discharge, Mr. Hakizimana never engaged in any protected activity.

**EIGHTH SEPARATE DEFENSE**

JBS's actions were based on legitimate, nondiscriminatory and nonretaliatory factors.

**NINTH SEPARATE DEFENSE**

Any damages suffered by Mr. Hakizimana were proximately and actually caused by his own acts or omissions, the acts or omissions of a third party, or by events outside of JBS's control, not by JBS.

**TENTH SEPARATE DEFENSE**

JBS would have taken the same actions even in the absence of any impermissible motivating factor.

**ELEVENTH SEPARATE DEFENSE**

Mr. Hakizimana's claims are barred in whole or in part because he cannot simultaneously satisfy the causation standards required under the ADA.

**TWELFTH SEPARATE DEFENSE**

JBS at all times acted in good faith with respect to Mr. Hakizimana's employment, and with reasonable grounds for believing its actions were not in violation of the law.

**THIRTEENTH SEPARATE DEFENSE**

Mr. Hakizimana has been paid and/or received all wages due to him by virtue of his employment.

**FOURTEENTH SEPARATE DEFENSE**

Mr. Hakizimana's claims are barred in whole or in part by the Workers' Compensation Act, which provides the exclusive remedy for work place injuries.

**FIFTEENTH SEPARATE DEFENSE**

JBS did not discriminate nor retaliate against Mr. Hakizimana.

**SIXTEENTH SEPARATE DEFENSE**

JBS took reasonable steps to prevent discrimination and harassment from occurring on its premises and to correct any discrimination or harassment that did occur, and Mr. Hakizimana unreasonably failed to take advantage of the procedures JBS had in place.

### SEVENTEENTH SEPARATE DEFENSE

JBS lacked any notice of misconduct by its employees or of any tendency toward assault its employees may have shown. JBS could not have foreseen the conduct by its employees that Mr. Hakizimana alleges in the Complaint.

### EIGHTEENTH SEPARATE DEFENSE

JBS never authorized, ratified or participated in any discriminatory or other unlawful conduct regarding Mr. Hakizimana.

### NINETEENTH SEPARATE DEFENSE

Mr. Hakizimana was employed at-will.

### TWENTIETH SEPARATE DEFENSE

Mr. Hakizimana has failed to mitigate his damages, if any.

### TWENTY-FIRST SEPARATE DEFENSE

Mr. Hakizimana's damages, if any, are limited by statutory caps, including 42 U.S.C. § 1981a(b)(3), and Colo. Rev. Stat. 13-21-102(1)(a), and 13-21-102.5(3)(a).

### TWENTY-SECOND SEPARATE DEFENSE

Punitive damages, if any, are barred or limited because JBS did not engage in any discriminatory practices with malice or reckless indifference to Mr. Hakizimana's rights and has not engaged in any unlawful intentional discrimination.

### TWENTY-THIRD SEPARATE DEFENSE

Punitive damages, if any, are barred or limited because JBS has at all times made a good faith effort to comply with the ADA and any action by a manager contrary to this effort is in violation of JBS's policies and procedures. Any alleged discriminatory or retaliatory conduct by

JBS's agents was outside the scope of the agent's authority and was contrary to JBS's good faith efforts to comply with applicable law.

WHEREFORE, JBS respectfully requests that Mr. Hakizimana's Complaint and Jury Demand be dismissed in its entirety, that JBS be awarded its attorneys' fees and costs incurred herein, and such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 14th day of August, 2018.

SHERMAN & HOWARD L.L.C.

*s/James S. Korte*
Heather Fox Vickles
James S. Korte
633 17th Street, Suite 3000
Denver, CO  80202-3622
Telephone:   (303) 297-2900
Fax:              (303) 298-0940
Email:           hvickles@sahermanhoward.com
Email:           jkorte@shermanhoward.com
*Attorneys for Defendant JBS USA Food Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 14th day of August, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

 Hakizimana Andre, Pro Se
 2475 Ash Ave., Apt. 86
 Greeley, CO  80631
 Email:  andrehakizimana104@gmail.com

and that a COPY was sent by U.S. Postal Service, first class, postage prepaid, this same date to:

 Hakizimana Andre, Pro Se
 2475 Ash Ave., Apt. 86
 Greeley, CO  80631

                                            *s/Theresa M. Bohrer*
                                            Theresa M. Bohrer, Legal Secretary